# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining]

_____Joel Matias_____

_____

_____

_____

_____

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.   If you do not know a name, write "John Doe" or "Jane Doe."   Include the defendant's rank or title if you know it.]

_____Warden C. Chapdelaine_____

_____Mark Silver -_Inmate_____

_____R. Weldon_____

_____C/O Anderson_____

~~_____Captain Ogando_____~~

Complete every section and **SIGN THE LAST PAGE.**

*Revised 3/16/16*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.   There are two possibilities.   Check one.

I can bring my complaint in federal court because I am suing:

1. \_\_\_✓\_\_\_ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages.   Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Joel Matias

   b. Inmate Number: #411160

   c. Correctional facility: Macdougall/Walker C.I.
      1153 East St. South
      Suffield. CT.06080

2. Second Plaintiff
   a. Full Name:

   b. Inmate Number:

   c. Correctional facility:

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than one person, attach additional pages.   Provide items a, b, and c for each defendant.

1. First Defendant    C. Chapdelaine
   a. Full Name:

*Revised 3/16/16*

2

    b.    Rank or Title: Warden

    c.    Workplace: Macdougall/Walker C.I.

2. Second Defendant
    a.    Full Name: Mark Silver

    b.    Rank or Title: Inmate

    c.    Workplace:

3. Third Defendant
    a.    Full Name: R. Weldon

    b.    Rank or Title: Counselor Supervisor

    c.    Workplace: Macdougall/Walker C.I.

4. Fourth Defendant
    a.    Full Name: C/O Anderson

    b.    Rank or Title: Correctional Officer

    c.    Workplace: Macdougall/Walker C.I.

5. Fifth Defendant
    a.    Full Name: Captain Ogando

    b.    Rank or Title: Captain/Unit Manager

    c.    Workplace: Macdougal/Walker C.I.

6. Sixth Defendant
    a.    Full Name:

    b.    Rank or Title:

    c.    Workplace:

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma
*Revised 3/16/16*

pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

    1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

    2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

    3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

    5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

*Revised 3/16/16*

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1.


2.


3.


4.


Revised 3/16/16

5

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

**E.   REQUEST FOR RELIEF**
Tell the court what kind of relief you want.   **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.   For any of these, you must request a Writ of Habeas Corpus.

F.   DO YOU WISH TO HAVE A JURY TRIAL?   YES ✓   NO ____

G.   DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at 1153 East St. South Suffield, CT. 06080 on Jan 3 2018
               (Location)                                    (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.  **The complaint cannot be filed without a signature from each plaintiff.**

H.   FINAL INSTRUCTIONS

WARNING: Your complaint will not be filed unless you complete each of these steps:

   1.   Answer all questions on the complaint form.

   2.   Sign the Declaration under Penalty of Perjury on p. 8

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

Joel Matias #411160
Macdougall/Walker C.I.
1153 EAST ST. SOUTH
SUFFIELD, CT. 06080
PLAINTIFF, pro-se

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Joel Matias**<br>**Plaintiff**<br><br>v.<br><br>**Warden C. Chapdelaine**<br>**Mark Silver**<br>**R. Weldon--Counselor Supervisor**<br>**C/O Anderson**<br>**Captain Ogando**<br><br>**Defendants** | Case No. _____<br><br><br><br>CIVIL Rights Complaint<br>[ §1983 ] |

Comes now, Joel Matias #411160 plaintiff pro-se, who brings the following Civil-Rights Complaint and claims for future, compensatory, punitive, pecuniary, consequential, and preventive injunction (single cell status), no transfer relief as follows:

### I. Introduction

1. This action places before the court a lawsuit involving the Administration of Macdougall/Walker Institution (MWCI) (a prison facility of the Connecticut Department of Correction charged with the custody and control of approximately 1400 inmates).

2. This complaint alleges Negligence, Failure to Protect, Pain and Suffering, Deliberate Indifference, Cruel and Unusual Punishment, Intentional Infliction of Emotional Distress, Emotional Distress, Negligent Infliction of Emotional Distress, Violation of (ADA) Americans with Disabilities Act, and Equal Protection Clause, as well as Discrimnation.

### II. Parties

Plaintiff:
3. Joel Matias #411160 (plaintiff) presently serving a criminal sentence in the custody of Connecticut Department of Corrections (DOC) at all times relevant to this Action, plaintiff was housed at the Macdougall/Walker Correctional Institution (MWCI), 1153 East St. South, Suffield, CT. 06080, where plaintiff resides.

<u>Defendants:</u>

    4. Defendant C. Chapdelaine--Warden at all times relevant to this action was employed as Warden of MWCI, 1153 East St. South, Suffield, CT. 06080 responsible for the supervision of all staff under her command, and inmates. At all times relevant to this complaint acted under the Color of State Law. She is hereby sued in her individual as well as official capacities, jointly and severally, for those acts and omissions described fully below.

    5. Defendant Mark Silver #215153 at all times relevant to this action was an inmate housed at MWCI, 1153 East St. South, Suffield,CT.06080. At all times relevant to this complaint acted under the Color of State Law. He is hereby sued in his individual and any other capacity available, jointly and severally, for those acts and omissions described fully below.

    6. Defendant Captain Ogando Unit Manager at all times relevant to this action was employed at MWCI, 1153 East St. South, Suffield,Ct.06080 responsible for the managing of J & L Pod Units inmates. At all times relevant to this complaint acted under the Color of State Law. He is hereby sued in his individual as well as official capacities, jointly and severally, for those acts and omissions described fully below.

    7. Defendant R. Weldon Counselor Supervisor at all times relevant to this action was employed as Counselor Supervisor of the facility Classification at MWCI, 1153 East St. South, Suffield,CT.06080. At all times relevant to this complaint acted under the Color of State Law. He is hereby sued in his individual as well as his official capacities jointly and severally for those acts and omissions described fully below.

    8. Defendant Anderson Correctional Officer at all times relevant to this action was employed as a Correctional Officer at MWCI, 1153 East St. South, Suffield, CT. 06080 responsible for the saftey and security of all inmates. At all times relevant to this complaint acted under the Color of State Law. She is hereby sued in her individual as well as official capacities, jointly and severally, for those acts and omissions described fully below.

### III. Previous Lawsuits

    9..Plaintiff has never filed any previous lawsuits.

### IV. Statement of Facts

    10. On Feb.2,2017, Plaintiff was moved from M-Pod to L-Pod at 7:30 pm. Upon arrival plaintiff was informed by C/O Mrs.Anderson that he was being placed in cell 21.

11. As plaintiff attempted to enter cell 21 tha defendant Mark Silver (here and after "Dfendant Silver"), who was the occupant of cell 21, became belligerent and positioned himself so that plaintiff could not enter the cell. Inmate Silver was extremely aggressive towards C/O Anderson.

12. Defendant Silver adamantly expressed to Defendant Anderson his unwillingness to accept a cellmate because he had been granted "single cell status" and would only accept a cellmate of his choosing. C/O Anderson would not listen.

13. Defendant Silver then stated that his single status was granted by the prison administration. Defendant Silver then produced documentation to support his position but C/O Anderson again would not listen.

14. Defendant Anderson disregarded Defendant Silver's assertion as well as his threats towards plaintiff's attempts to move his property into the cell.

15. Because of Defendant Silver's threats the plaintiff did not try to move into cell 21 any more but Defendant Anderson gave the plaintiff a "Direct Order" to enter into cell 21 or plaintiff would be taken to segregation. Approximately ten minutes later the plaintiff, helpless, and practically cripple was savagely beaten by Defendant Silver. Plaintiff was locked in the cell and was defenseless.

16. Plaintiff was rendered unconscious and sustained various serious injuries which required plaintiff to immediately be sent to the outside hospital UCONN for medical attention as a result of the serious injuries he received at the hands of Defendant Silver.

17. At the time of the incident (Feb.2,2017), plaintiff was disabled having been discharged from the Macdougall/Walker C.I. Infirmary and could barely walk without the assistance of medical staff or walker. Being in the infirmary for 13 months bedridden and having to learn how to walk with the help of staff and walker (then) and now crutches.

18. Plaintiff was in no physical condition to defend himself in any way from an attack, especially as brutal as he received and which has only exacerbated his condition. Plaintiff still suffers from the beating with neck pain, back pain, headaches etc..

19. Defendant Silver has a legthy documented history of assaults and is still assaulting cellmates at present. This fact was known by both Defendant Anderson and Macdougall/Walker C.I. Administration which includes Defendants C. Chapdelaine, Ogando, R. Weldon who knew or should have known Defendant Silver was assaultive, but did not protect me being they were Unit Manager, Warden, and Classification Supervisor.

20. Dispite the knowledge of Defendant Silver's history of assaults, plaintiff was still placed in the cell ~~with him~~ after inmate Silver told Defendant Anderson he was not taking a cellmate which caused the plaintiff to be severely injured.

3 of 4

21. As a result of Defendant(s) Chapdelaine's, C/O Anderson's, Captain Ogand's and R. Weldon's actions the plaintiff was brutally assaulted by Defendant Silver.

22. Plaintiff was and still is defenseless and severely disabled and uses crutches to walk presently.

23. Plaintiff has exhausted all available Administrative Remedies.

## V. Prayer For Relief

Wherefore, Plaintiff respectfully prays that this Court enter an Order:

24. Issuing declaratory relief, declaring that the acts and the omissions of the defendants have violated Plaintiff's Rights to be free of assault and stating the defendants duties with respect to those rights.

25. Issuing injunctive relief, commanding defendants to place the Plaintiff on **Permananent Single Cell Status**, to be penalized for each role participated and award the Plaintiff compensatory, future, punitive, pecuniary, consequential and preventive injunction (single cell status) for mental, physical and emotional injuries suffered as a result of the defendant(s) actions, in the amount of $250,000.00

26. Any other relief that this Court may deem just and proper.

Respectfully submitted this 3 day of JaN, 2018.

Joel Matias #411160


## VI. VERIFICATION

Pursuant to 28 U.S.C. §1746, I Joel Matias, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my recollection, knowledge and belief.

Dated this __3__ day of __Jan__, 2018.

_____
Joel Matias #411160