UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOEL MATIAS,  :
    Plaintiff,  :
      :
v.  :    No. 3:18-cv-17 (SRU)
      :
WARDEN C. CHAPDELAINE, et al.,  :
    Defendants.  :

## RULING ON PENDING MOTIONS

On January 3, 2018, Joel Matias, an inmate currently confined at MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, brought a civil rights complaint under 42 U.S.C. § 1983 against four Department of Correction ("DOC") employees (Warden Chapdelaine, Counselor Supervisor R. Weldon, Correction Officer Exelee Anderson, and Captain Ogando), and Mark Silver, another inmate at MWCI. After initial review, I permitted Matias' Eighth Amendment and negligence claims to proceed against Anderson in her individual and official capacities for failing to protect him from harm. *See* Initial Review Order, Doc. No. 7 at 4-5, 10. I also exercised supplemental jurisdiction over Matias' state law assault and battery claims and permitted them to proceed against Silver. *Id.* at 8-10. The claims against the other defendants were dismissed. *Id.* at 10.

### I. Motion to Dismiss (Doc. Nos. 25, 26)

On June 11, 2018, Silver filed the instant motion to dismiss the assault and battery claims against him. Mot. to Dismiss, Doc. Nos. 25, 26.[1] He makes several arguments

---

[1] Silver filed two motions to dismiss, and the clerk docketed them as two separate entries. *See* Doc. Nos. 25, 26. Both documents are the same motion and I will, therefore, treat them as one motion.

countering Matias' allegations regarding the assault and contends that he should not be held liable for Matias' injuries. Although he does not state the specific legal grounds for his motion, I construe his motion as grounded in Matias' failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Matias filed his written opposition to Silver's motion on August 30, 2018. Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Doc. No. 32. In it, Matias challenges the factual arguments raised in Silver's motion and makes new allegations regarding Silver's liability for the assault. *Id.* For the following reasons, Silver's motion to dismiss is **DENIED**.

A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when . . . plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the complaint must show, not merely allege, that the plaintiff is entitled to relief. *See id.*

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678). *See also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as

factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Where . . . the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, a *pro se* plaintiff's complaint still must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Ashcroft,* 556 U.S. at 678). Therefore, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

B. Factual Allegations

As stated in my Initial Review Order, Matias makes the following factual allegations in his complaint against Anderson and Silver. At all relevant times, Matias was confined at MWCI. Compl., Doc. No. 1 at ¶ 3. On February 2, 2017, he was transferred from the M-Pod housing unit to the L-Pod housing unit. *Id.* at ¶ 10. Upon arrival, Anderson informed him that he would be placed in Cell 21. *Id.* As Matias attempted to enter Cell 21, Silver, the other inmate assigned to that cell, became belligerent and blocked Matias' entry. *Id.* at ¶ 11. Silver adamantly expressed to Anderson that he was unwilling to accept a cellmate because he had been granted single

cell status and would only accept a cellmate of his choosing. *Id.* at ¶ 12. Silver showed Anderson documentation that his single cell status had been granted, but Anderson ignored his demands. *Id.* at ¶ 13.

After Silver had threatened Matias several times, Matias "did not try to move into cell 21," but Anderson told him that, if he did not enter the cell, he would be taken to segregation. Compl. ¶ 15. Matias reluctantly entered the cell. *See id.* Approximately ten minutes later, Silver assaulted Matias, rendering him unconscious and causing him severe injuries. *Id.* at ¶¶ 15-16. Matias was immediately transported to UConn Medical Center for treatment. *Id.* at ¶ 16.

At the time of the incident, Matias was disabled and could barely walk without the assistance of medical staff or a walker and could not defend himself against Silver. Compl., Doc. No. 1 at ¶ 17-18. He continues to suffer headaches and neck and back pain as a result of the assault. *Id.*

C. Analysis

As I already ruled in my Initial Review Order, Matias' allegations state plausible claims of assault and battery, over which I exercised supplemental jurisdiction.[2] Initial Review Order, Doc. No. 7 at 8-9. "A civil assault is defined, [under Connecticut law], as

---

[2] I can exercise supplemental jurisdiction over a state law claim if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; and (4) the state and federal claims derive from a common nucleus of operative fact.

*Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)), *abrogated on other grounds*, *Graham v.*

'the intentional causing of imminent apprehension of harmful or offensive contact with another.'" *Germano v. Dzurenda*, No. 3:09-cv-1316 (SRU), 2011 WL 1214435, *22 (D. Conn. Mar. 28, 2011) (quoting *Dewitt v. John Hancock Mutual Life Ins. Co.*, 5 Conn. App. 590, 594 (1985)). "[A]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Id.* (quoting *Alteiri v. Colasso*, 168 Conn. 329, 334 n.3 (1975)). Matias has alleged that Silver objected to receiving Matias as a cellmate, and when Anderson placed Matias in the cell, Silver physically assaulted him, rendering him unconscious and causing him severe injuries. Compl. ¶¶ 11-6. The allegations in the complaint, taken as true, support Matias' assertions that Silver intended to cause harmful contact with Matias or, at the very least, the imminent apprehension thereof, and caused such harm.

In his motion to dismiss, Silver does not attempt to explain how Matias' allegations fail to state a plausible claim of assault or battery against him. Instead, he relies on his own allegations that (1) Matias did not pursue criminal charges against him following the assault, (2) he suffers from ongoing mental health issues, (3) he has been involved in multiple assaults with cellmates through his time in DOC custody, (4) he did not have single-cell status in early February 2017, and (5) he did not have any control over the assault on February 2, 2017. Mot. to Dismiss at 1-3. Matias challenges those

---

*Connor*, 490 U.S. 386 (1989). Because I permitted Matias' Eighth Amendment claim for failure to protect from harm to proceed against Anderson, and the assault and battery claims against Silver arise from the same set of facts, I exercised supplemental jurisdiction over the claims against Silver. Initial Review Order at 7-8.

5

facts with his own new allegations, including that Silver is a gang member and that his contention about suffering from mental health issues is false. *See* Pl.'s Opp'n at 1-2. I may not consider any of those new allegations for purposes of this ruling. *See In re Colonial Ltd. Partnership Litigation*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("Allegations made outside of the complaint are not properly before the court on a motion to dismiss").

Because Silver has not explained in his motion why the allegations in the complaint fail to state claims of assault of battery against him, there is no justification to disturb the ruling in the Initial Review Order and dismiss the claims. Moreover, I do not accept any of the new allegations in Silver's motion or in Matias' opposition. If Silver wishes to deny all or some of the allegations in the complaint and/or state affirmative defenses to the claims against him, he may file an answer to the complaint in accordance with Federal Rule of Civil Procedure 8(b).

## II. Motion to Compel (Doc. No. 33), Motion for Default Entry (Doc. No. 34)

Matias seeks an order compelling Anderson to file an answer to the complaint. Mot. to Compel, Doc. No. 33. In addition, Matias seeks an order of default against Anderson for her failure to plead. Mot. for Default, Doc. No. 34. Anderson has since appeared; *see* Notice of Appearance, Doc. No. 35; and filed an Answer, *see* Answer, Doc. No. 36. Accordingly, Matias' motions are **denied as moot**.

## III. Conclusion

Based on the foregoing, Silver's Motions to Dismiss (Doc. Nos. 25, 26) are **DENIED**. Matias' Motion to Compel (Doc. No. 33) and Motion for Default Entry (Doc. No. 24) are **DENIED AS MOOT**.

It is so ordered.

6

Dated at Bridgeport, Connecticut this 30th day of October 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge