UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL MATIAS, | : |
|     Plaintiff, | : |
| | : |
| v. | :    Case No. 3:18-cv-17 (SRU) |
| | : |
| CORRECTION OFFICER ANDERSON, | : |
| and MARK SILVER, | : |
|     Defendants. | : |

## RULING ON MOTION FOR SUMMARY JUDGMENT

On January 3, 2018, Joel Matias, an inmate incarcerated at MacDougall-Walker Correctional Institution ("MWCI") in the custody of Connecticut Department of Correction ("DOC"), brought this civil rights complaint under 42 U.S.C. § 1983, proceeding *pro se* and *in forma pauperis*. Compl., Doc. No. 1; Order, Doc. No. 6. His complaint alleged violations of his federal rights under the Eighth Amendment, Fourteenth Amendment, the Americans with Disabilities Act, and various state tort laws against four DOC employees (Warden Chapdelaine, Counselor Supervisor R. Weldon, Correction Officer Exellee Anderson, and Captain Ogando), and Mark Silver, another inmate at MWCI. *Id.*; Initial Review Order, Doc. No. 7, at 1.

Upon initial review under 28 U.S.C. § 1915A, I permitted Matias's Eighth Amendment and negligence claims to proceed against Anderson in her individual capacity for damages and in her official capacity for injunctive relief. *See* Initial Review Order, Doc. No. 7, at 10. I also allowed Matias's assault and battery claim to proceed against Silver in his individual capacity for damages. I dismissed all other claims. *See id.* Matias has filed a motion for summary judgment on his claims against Anderson and Silver. *See* Mot. for Summ. J., Doc. No. 47. Anderson has filed an objection. *See* Anderson Obj., Doc. No. 49. However, Silver has not filed a response to Matias's motion for summary judgment.

**I.      Standard of Review**

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts of record in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see also Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir. 1992) (court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249–50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 247–48. To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 323. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23; *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim). In short, if there is no genuine issue of material fact, summary judgment may enter. *Celotex*, 477 U.S. at 323.

I am required to read a self-represented party's "papers liberally 'to raise the strongest arguments that they suggest.'" *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**II.     Facts**

The parties do not dispute that in February 2017, Anderson escorted Matias to a cell where Silver was assigned and currently living alone.[1] Compl., Doc. No. 1, at ¶¶ 11–12; Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶¶ 8, 9. Silver communicated that he wanted to keep his single cell. *See* Compl., Doc. No. 1, at ¶¶ 12-15;[2] Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶¶ 9, 16.[3] The parties agree that Matias entered the cell, but Anderson disputes Matias's allegation that she ordered him to enter the cell with the threat that he would otherwise be placed in segregation. *See* Compl., Doc. No. 1, at ¶ 15; Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶¶ 15, 17, 19, 20, 21. Matias asserts that ten minutes after Anderson forced him to enter the cell, he was severely beaten by Silver. *See* Compl., Doc. No. 1, at ¶¶ 15–16. Anderson avers that approximately thirty minutes after she secured the door, she heard "a bumping sound coming from their cell" and discovered Silver beating Matias. Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶ 25.

## III. Discussion

As I concluded in my initial review order, "the only plausible claim under the United States Constitution in this case is the Eighth Amendment claim against Anderson for her failure to protect Matias from the assault by Silver." Initial Review Order, Doc. No. 7, at 9. I also ruled that I would exercise supplemental jurisdiction over the negligence claim against Anderson and the assault and battery claim against Silver because these claims arose from the same set of facts as the Eighth Amendment claim. *Id.*

---

[1] Additionally, the parties do not dispute that at the time, Matias required assistance in walking. Compl., Doc. No. 1, at ¶ 17 (required walker); Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶ 8 (used crutches or a walker).

[2] Matias asserts that Silver became belligerent; blocked his entry; expressed that he would only accept a cellmate of his choosing; and threatened Matias. *Id.*

[3] Anderson avers that Silver exhibited no aggression, did not block the entry, and did not present any

A. Eighth Amendment Claim against Anderson

Matias asserts that Anderson disregarded Silver's threats toward him when she ordered him to move into the cell with Silver and that Anderson knew that Silver had a documented history of assaults on his cellmates.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotation marks and citations omitted). To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element.

To meet the objective element, an inmate must show that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of "the minimal civilized measure of life's necessities" or a "substantial risk of serious harm." *Id.* at 834 (internal quotation marks and citations omitted). To meet the subjective element, an inmate must demonstrate that the defendant prison official possessed culpable intent; that is, the official must have known that the prisoner faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See id.* at 834, 837. Thus, an allegation of "mere negligen[t]" conduct is insufficient. *Id.* at 835. Rather, the subjective element requires that a plaintiff allege that prison officials acted with "a mental state equivalent to subjective

issue when Matias entered the cell. *Id.*

recklessness, as the term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d

Cir. 2006). When evaluating a claim for failure to protect an inmate from harm or deliberate

indifference to inmate safety, the court considers "the facts and circumstances of which the

official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F.

Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

In her affidavit, Anderson avers that she did not see Silver exhibit aggressive or hostile

behavior during Matias's placement in the cell; she did not order Matias to enter the cell; and she

was not aware of either Silver or Matias's criminal, disciplinary, mental health, or medical

histories. Anderson Aff., Ex. A to Def.'s 56(a)(2) Stmnt, Doc. No. 49-2, at ¶¶ 6–7, 9, 15, 16, 19.

Anderson's evidence is sufficient to raise genuine questions of fact with respect to what she

knew at the time that she allegedly failed to protect Matias from an attack by Silver.

"Credibility assessments, choices between conflicting versions of the events, and the weighing of

evidence are matters for the jury, not for the court on a motion for summary judgment." *Fischl

v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). Due to disputed issues of material fact, I will deny

the motion for summary judgment on Matias's Eighth Amendment claim.

B.   Negligence

In her opposition, Anderson asserts that Matias's negligence claim against her should be

dismissed as barred under Connecticut General Statute § 4–165. Anderson Obj., Doc. No. 49, at

11. In Connecticut, "[n]o state officer or employee shall be personally liable for damage or

injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within

the scope of his or her employment." Conn. Gen. Stat. § 4–165  The Connecticut Supreme

Court has explained that section 4–165 means that "state employees may not be held personally

6

liable for their negligent actions performed within the scope of their employment." *Miller v. Egan*, 265 Conn. 301, 319 (2003). A state employee may be held personally liable acts in the scope of her employment when the employee's actions are "wanton, reckless, or malicious"—which goes beyond negligence and denotes "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *Martin v. Brady*, 261 Conn. 372, 379 (2002) (internal quotation marks and citation omitted). However, that claim would not be a negligence claim under Conn. Gen. Stat. § 4–165, but rather a different claim (such as here, the Eighth Amendment claim under section 1983). Thus, I conclude that the negligence claim for damages against Anderson is barred and should be dismissed from this action.

However, as I wrote in my initial review order, Matias was also entitled to pursue his negligence claim against Anderson in her official capacity for injunctive relief. *See* Initial Review Order, Doc. No. 7, at 10. Construing Matias's papers liberally, Matias has pursued that official capacity claim. *See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Doc. No. 47-1, at ¶ 1 (seeking "injunctive relief"). Unless it falls into an exception, such a claim is barred in Connecticut by the doctrine of sovereign immunity. *See Columbia Air Services, Inc. v. Dep't of Transp.*, 293 Conn. 342, 349 (2009). In Connecticut, there are three exceptions to the doctrine of sovereign immunity for negligence claims asserted against state officers in their official capacities for injunctive relief: (1) when the legislature waives sovereign immunity; (2) when the action is based on a "substantial claim" that a state employee has violated plaintiff's constitutional rights; or (3) when the plaintiff alleges that the defendant undertook wrongful to promote an illegal purpose in excess of the officer's statutory authority. *See Columbia Air*, 293

Conn. at 349. Here, the first and second exceptions do not apply to Matias's *negligence* claim against Anderson in her official capacity. In addition, Matias's claim against Anderson clearly arises from Anderson's acts (and failure to act) in her capacity as a corrections officer for the DOC during the course of her duties. *Cf. Morales-Rojas v. Ruiz*, 2018 WL 401531, at *5 (D. Conn. Jan. 12, 2018). Thus, the third exception also does not apply. As a result, Matias's negligence claim against Anderson in her official capacity is also dismissed.

    C.    <u>Assault and Battery against Silver</u>

Matias has requested entry of summary judgment on his claim of assault and battery against Silver. Silver has not filed a response to Matias's motion, although it is not clear that Silver had notice and was provided with a copy of the motion for summary judgment.[4] Indeed, Silver has not filed anything since Matias's motion for summary judgment.

I also note that Silver did not file an answer after his motion to dismiss was denied. Order, Doc. No. 38. In denying his motion to dismiss on October 30, 2018, I advised Silver that if he "wish[ed] to deny all or some of the allegations in the complaint and/or state affirmative defenses to the claims against him, he may file an answer to the complaint in accordance with Federal Rule of Civil Procedure 8(b)." *Id.* at 6.

In light of my prior instruction to Silver and his failure to file an answer, I order that the clerk enter a default against Silver under Federal Rule of Civil Procedure 55(a) rather than granting Matias's motion for summary judgment against Silver based on his failure to file a response to the motion. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (noting that district judges have "the inherent power to enter a default"). I instruct

---

[4] Matias's Rule 56(b) Notice is directed only to "Counsel of Defendants Opposing Motion for Summary Judgment." Rule 56(b) Notice to Counsel, Doc. No. 47-3.

Silver that he may file a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c), which provides that "[t]he court may set aside an entry of default for good cause[.]"

A default is not an admission of damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages . . . which . . . usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount.") (internal citations omitted). If Silver does not move to set aside the default entry, Silver may later be liable for a default judgment against him.

**IV. Conclusion**

For the foregoing reasons, Matias's motion for summary judgment, Doc. No. 47, is **DENIED**. Additionally, I dismiss the negligence claim for damages against Anderson in her individual capacity as barred under Conn. Gen. Stat. § 4–165 and for injunctive relief against Anderson in her official capacity as barred by sovereign immunity. Finally, I instruct the clerk to enter default against Silver on the claim of assault and battery. Within 30 days of this ruling, Silver may file a motion to set aside the entry of default.

SO ORDERED at Bridgeport, Connecticut this 10th day of February 2020.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge